# IN THE COURT OF APPEALS OF IOWA

No. 17-1811
Filed September 26, 2018

**MATTHEW MICHAEL DEANGELO,**
        Plaintiff-Appellee,

**vs.**

**JLG INDUSTRIES, INC.,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.


        A defendant appeals the denial of their motion to dismiss for lack of personal jurisdiction. **REVERSED AND REMANDED.**



        J. Michael Weston and Brenda K. Wallrichs of Lederer Weston Craig, PLC, Cedar Rapids and Kyle M. Rowley and Giorgio Caflisch of Sheehy, Ware & Pappas, PC, Houston, Texas, for appellant.

        Dale A. Knoshaug of Dickinson, Mackaman, Tyler & Hagen, PC, Des Moines, for appellee.



        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

JLG Industries, Inc. (JLG) appeals the district court's denial of a motion to dismiss for lack of personal jurisdiction. On December 12, 2017, the Iowa Supreme Court granted JLG's application for interlocutory appeal on the question of jurisdiction. We reverse the district court's order.

## I.      Background Facts & Proceedings

JLG, a corporation organized and with its principal place of business in Pennsylvania, is a manufacturer of lift equipment.

Matthew DeAngelo was injured in the course of his employment with Wolin Electric (Wolin), when the JLG lift he was operating allegedly malfunctioned and caused serious injury to DeAngelo. Wolin leases the lift from Duke Aerial Equipment (Duke). The lift in question was not sold in Iowa or to an Iowa company and was not shipped to Iowa when originally purchased.

DeAngelo filed suit against JLG and Duke on March 24, 2017. The initial pleading alleged a claim against JLG for product liability. JLG was a Pennsylvania corporation doing business in and selling its products in the state of Iowa. JLG filed a motion to dismiss for lack of personal jurisdiction on August 1. The court heard arguments on August 29. On October 10, the court ruled DeAngelo made a prima facie showing of general jurisdiction and JLG only submitted evidence to rebut specific jurisdiction. The court denied JLG's motion to dismiss. JLG appeals.

## II.      Standard of Review

We review a ruling on a motion to dismiss for lack of personal jurisdiction for correction of errors at law. *Sioux Pharm, Inc. v. Summit Nutritionals Int'l, Inc.*, 859 N.W.2d 182, 188 (Iowa 2015). We are not bound by the court's conclusions

of law or application of legal principles. *Ross v. First Sav. Bank of Arlington*, 675 N.W.2d 812, 815 (Iowa 2004).

"Unlike other grounds for dismissal, however, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine whether it has personal jurisdiction over the defendant." *Shams v. Hassan*, 829 N.W.2d 848, 853 (Iowa 2013). Those factual findings are binding on appeal if supported by substantial evidence. *Capital Promotions, LLC v. Don King Prods., Inc.*, 756 N.W.2d 828, 832–33 (Iowa 2008).

### III. Personal Jurisdiction

Personal jurisdiction is the state's authority over a party, as limited by the state jurisdictional rules and the Due Process Clause of the United States Constitution. *Ostrem v. Prideco Secure Loan Fund, LP*, 841 N.W.2d 882, 891 (Iowa 2014). Iowa's jurisdictional rule authorizes the widest permissible exercise of jurisdiction. *Sioux Pharm*, 859 N.W.2d at 188; *see* Iowa R. Civ. P. 1.306 ("Every corporation, individual, personal representative, partnership or association that shall have the necessary minimum contact with the state of Iowa shall be subject to the jurisdiction of the courts of this state."). Courts recognize two types of personal jurisdiction: specific jurisdiction for causes of action relating to a defendant's actions within the state, and general jurisdiction allowing a state to adjudicate any cause of action involving a particular defendant. *Addison Ins. Co. v. Knight, Hoppe, Kurnik & Knight, LLC*, 734 N.W.2d 473, 477 (Iowa 2007).

Courts with general jurisdiction over a defendant have the power to adjudicate any cause of action involving that defendant. *Ostrem*, 841 N.W.2d at 892. Iowa courts require "proof the nonresident defendant is 'essentially at home

in the forum State' to establish general jurisdiction." *Sioux Pharm*, 859 N.W.2d at 186 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[A] corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)).

"We accept 'the allegations of the petition and the contents of uncontroverted affidavits to be true.'" *Ross*, 675 N.W.2d at 815 (citation omitted). The relevant petition allegation for jurisdiction states, "Defendant, JLG Industries, Inc. ("JLG"), is a Pennsylvania corporation that does business in the State of Iowa." DeAngelo made no claim in district court or on appeal regarding specific jurisdiction. JLG submitted one uncontroverted affidavit with their motion, which placed JLG's place of incorporation and principal place of business in Pennsylvania and provided sale and shipping information on the specific lift involved. The affidavit does not make any statement describing JLG's business in Iowa.

JLG does not deny doing business in the state of Iowa. Rather, on appeal they claim their contacts with the state are not sufficiently continuous and systematic to fall within the general jurisdiction of the state. DeAngelo claims a company doing some business in the state is sufficient to establish general jurisdiction.

Our supreme court has not extended general jurisdiction to every company doing business in the state. *See, e.g.*, *Book v. Doublestar Dongfeng Tyre Co.*, 860 N.W.2d 576, 584, 596–97 (Iowa 2015) (rejecting general jurisdiction for company

whose products were indirectly but regularly sold in Iowa, but finding specific jurisdiction under the "stream of commerce" test). Neither has the United States Supreme Court extended general jurisdiction over a company to every jurisdiction where it does business. *Daimler AG*, 571 U.S. at 139 & n.20 (calling extending general jurisdiction over a company to every jurisdiction with sizable sales an "exorbitant exercise[ ] of all-purpose jurisdiction" and declining to do so). The nature and quality, as well as quantity, of contacts are evaluated in both general jurisdiction and specific jurisdiction analyses. *Sioux Pharm*, 859 N.W.2d at 193. Even a manufacturing facility in the state may not necessarily render a company "at home" in Iowa for purposes of general jurisdiction. *Id.* at 191.

An allegation of doing business and selling products in the state of Iowa, even when accepted as true, is insufficient to establish a business is at home in the state. DeAngelo has therefore failed to establish a prima facie showing JLG is subject to general jurisdiction in Iowa. DeAngelo made no claim the court has specific jurisdiction over JLG. Accordingly, we reverse the district court's denial of JLG's motion to dismiss for lack of jurisdiction.

**REVERSED AND REMANDED.**